UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ALEJANDRO CHAPA,<br><br>Defendant. | Criminal No. 12-125-20 (CKK) |

MEMORANDUM OPINION
(October 30, 2015)

Presently before the Court is Defendant Alejandro Chapa's [286] Motion to Compel Additional Discovery and Chapa's [314] Renewed Motion to Compel Discovery. Chapa requests that this Court compel the Government to produce certain evidence that is related to the investigation of FBI Special Agent Matthew Lowry and/or to the instant action. Upon a searching review of the parties' submissions,[1] the relevant authorities, and the record as a whole, the Court shall grant Chapa's request for discovery only as to certain information related to the 13 seized packages, 12 of which later tested positive for heroin and 1 of which tested positive for a heroin derivative. Accordingly, the Court shall GRANT IN PART and DENY IN PART Chapa's [286] Motion to Compel Additional Discovery and GRANT IN PART and DENY IN PART Chapa's [314] Renewed Motion to Compel Discovery for the reasons described herein.

---

[1] While the Court renders its decision today on the record as a whole, its consideration has focused on the following documents: Def.'s Corr.'d & Sub.'d Resp. to Notice of Filing & Mot. to Compel Add'l Discovery ("Def.'s Mot."), ECF No [286]; Govt.'s Resp. to Def.'s Mot. to Compel Add'l Discovery ("Govt.'s Resp. to Def.'s Mot."), ECF No. [295]; Def.'s Reply to Govt.'s Resp. to Def.'s Mot. to Compel Add'l Discovery ("Def.'s Reply to Govt.'s Resp."), ECF No. [296]; Def.'s Renewed Mot. to Compel Discovery ("Def.'s Renewed Mot."), ECF No. [314]; Govt.'s Opp'n to Def.'s Mot to Compel Add'l Discovery & Renewed Mot. to Compel Discovery ("Govt.'s Opp'n"), ECF No. [319]; Def.'s Reply to Govt.'s Opp'n to Def.'s Renewed Mot. to Compel Discovery ("Def.'s Reply to Govt.'s Opp'n"), ECF No. [328].

## I. BACKGROUND

On May 31, 2012, a federal grand jury indicted Chapa and 19 other codefendants in connection with an alleged conspiracy to distribute cocaine. Indictment (May 31, 2012), ECF No. [25]. Pursuant to the indictment, Chapa was charged with conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and 28 grams or more of cocaine base (21 U.S.C. § 846). On January 22, 2013, Chapa pled guilty to one count of conspiracy to distribute and possession with intent to distribute five kilograms or more of cocaine and one kilogram or more of heroin (21 U.S.C. §§ 846 & 841(a)(1) & (b)(1)(A)). On June 5, 2014, the Court sentenced Chapa to a term of imprisonment of 60 months. Chapa did not appeal his sentence and conviction, and currently is serving the term of imprisonment.

On November 25, 2014, the Government filed a Notice, indicating that the investigation resulting in Chapa's indictment and subsequent conviction was conducted by members of the Transnational Organized Crime Squad of the Washington Field Office of the FBI, who were assisted on at least one occasion by Special Agent Matthew Lowry, a member of the Cross Border Task Force of the Washington Field Office of the FBI. Govt.'s Notice of Filing ¶ 3, ECF No. [282]. The Government explained that an investigation had been initiated regarding allegations that Special Agent Lowry tampered with evidence, including narcotics evidence, and mishandled firearms seized during investigations. *Id.* ¶ 4. The Notice indicated that while the investigation related to Special Agent Lowry was in its early stages, at that time the Government believed that any misconduct by Special Agent Lowry would have no impact on this action because of Lowry's limited role in the lengthy investigation. *Id.* ¶ 5. The Government also submitted to the Court and to Chapa through counsel a letter with attachments concerning the nature of Special Agent Lowry's alleged misconduct. *Id.* ¶ 6.

On December 5, 2014, Chapa filed a Response to Notice of Filing and Motion to Compel Additional Discovery. Specifically, Chapa sought information related to Special Agent Lowry's role in the instant action, "including everything he signed, witnessed, planned, or participated in," as well as "[a]ll related documents, including chain of custody on every drug to which he had access . . . along with the 302 reports." Resp. to Notice for Filing & Mot. to Compel Add'l Discovery ¶ 5, ECF No. [286]. On December 16, 2014, after the Court entered a Protective Order, the Government provided to counsel a second letter and 18 attachments related to the Lowry investigation. *See* Notice of Mat. Provided to Def. Counsel, ECF No. [294]. On December 19, 2014, the Government filed a Response to Chapa's Motion to Compel, requesting that the Court deem the motion moot in light of the fact that the Government provided additional materials to defense counsel and based on anticipated future productions pursuant to the Protective Order. *See* Govt.'s Resp. to Def.'s Mot., ECF No. [295]. On December 23, 2014, Chapa filed a Reply indicating that the request was not moot because the Government had not yet produced documents specifically related to the instant action. Def.'s Reply to Govt.'s Resp. ¶ 3, ECF No. [296]. Rather, Chapa requested that the Court hold his motion to compel in abeyance until Chapa provided the Government with a list of requested items. *Id.* ¶ 5.

Chapa subsequently filed a [314] Renewed Motion to Compel Discovery, requesting that the Court order the Government to provide certain discovery as requested by Chapa and indicating that the Government had stopped producing additional discovery after Special Agent Lowry entered a guilty plea. In support of his motion, Chapa included two lists provided to the Government and one e-mail requesting discovery information. *See* Def.'s Renewed Mot., Ex. A, ECF No. [314-1]; *id.*, Ex. B, ECF No. [314-2]. The Government opposes Chapa's request for discovery.

## II. LEGAL STANDARD

The parties agree that the Rules Governing Section 2255 Proceedings are applicable to the instant motion.[2]  *See* Govt.'s Opp'n at 5-6; Def.'s Reply to Govt.'s Opp'n at 2.  Pursuant to Rule 6, "[a] party requesting discovery must provide reasons for the request . . . [and] [t]he request . . . must specify any requested documents."  Rules Governing Section 2255 Proceedings for the U.S. District Courts, Rule 6(b).  Upon reviewing a discovery request, "[a] judge may, *for good cause*, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law."  *Id.* at 6(a) (emphasis added).  Good cause exists "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief . . . .'"  *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)).  Upon such a showing, "'it is the duty of the courts to provide the necessary facilities and procedures for an adequate inquiry.'"  *Id.* at 909.  However, "the scope and extent of such discovery is a matter confided to the discretion of the District Court."  *Id.*

## III. DISCUSSION

The Court discerns from the parties' briefing that Chapa seeks discovery related to: (1) 13 seized packages in this case; and (2) money recovered in the case as well as documentation related to investigations into "missing money," presumably as part of the investigation into Special Agent Lowry's conduct.  Chapa indicated that he provided "three specific lists of requested discovery," Def.'s Renewed Mot. at 5, filed alongside his Renewed Motion to Compel Discovery, *id.*, Ex. A-

---

[2] Chapa indicates that while it is unknown at this time whether he will raise a collateral attack to his sentence pursuant to 28 U.S.C. § 2255, he agrees that he must demonstrate "good cause" and state with specificity why he requires the requested discovery.  Def.'s Reply to Govt.'s Opp'n at 2, n.2.

4

B. Specifically, these lists appear to request certain photographs and documentation related to 13 seized packages, which later tested positive as heroin or a heroin derivative and formed the basis for the charges to which Chapa pled guilty. Moreover, Chapa also indicated in his briefing that he seeks photographs, police reports, and all documentation dealing with money recovered from any source in this case and related to investigations dealing with missing money. Def.'s Renewed Mot. at 4-5. However, the discovery requests related to recovered money were not set forth in the lists of discovery requests included as exhibits by Chapa, and were only raised in his briefing.

Upon review of the lists provided by Chapa and the parties' briefing, it is not entirely clear to the Court either the precise scope of Chapa's request and/or the extent to which some or all of the information requested already was provided to Chapa prior to entering into his plea agreement or during the subsequent investigation into Special Agent Lowry's conduct. *See* Def.'s Renewed Mot. at 1 ("Although the government has produced a large number of documents as part of the Lowry investigation, including a very recent package related to 'missing' money, and some of the requested documents, it now has refused to provide a number of specific discovery materials pertaining to this case which the defendant has now requested."); *Id.* at 4 ("Although some requested items were provided before the government's position changed, it is very unclear at this point whether the sought items are missing, never existed or are being held back."). Indeed, the Government contends that some of the information Chapa seeks "was previously provided or was available to defendant before he entered his guilty plea." Govt.'s Opp'n at 1. However, Chapa asserts that the lists of requests were made after "[a] careful review of the initial discovery discs." Def.'s Reply to Govt.'s Opp'n at 1.

While there appears to be some disagreement between the parties as to whether some of the requested discovery already has been produced, the Court shall nevertheless discuss Chapa's


two broad areas of discovery requests relating to the 13 seized packages and the recovered money. In light of Chapa's discovery request, the Court shall first briefly address Special Agent Lowry's role in the investigation in the instant action. Special Agent Lowry entered guilty pleas to 64 counts related to his misconduct on March 31, 2015. However, none of those 64 counts related to the investigation of or evidence in the instant action. Govt.'s Opp'n at 3 n.1. The Government contends, and Chapa does not dispute, that:

> Lowry was not the case agent for this investigation and his participation in this case was both limited and minor. FBI Special Agents Timothy Ervin, Steve Weatherhead and Paul West were the lead investigators. At the conclusion of this nine-month long investigation involving several Title III wiretaps, hundreds of hours of surveillance, traffic stops and other investigation techniques, Lowry merely accompanied six other FBI agents on the execution of a search warrant at the home of co-conspirator Jay Isaacs. In addition to assisting with the search, Lowry is listed as responsible for photographs and sketches during that search. No evidence gathered during that search, however, resulted in charges against the defendant or any co-defendant in this case.

Govt.'s Opp'n at 3. However, Chapa's argument appears to center around Special Agent Lowry's access to confiscated evidence. Indeed, Chapa contends that the Government has acknowledged that Special Agent Lowry had unfettered access to various evidence vaults containing drugs from 2008 until October 2014. Def.'s Renewed Mot. at 3. Moreover, Chapa contends that "Lowry is unable to pinpoint the source(s) of all of his drug thefts." *Id.* at 4. In this instant action, Chapa argues that he and his co-defendants understood that they were transporting cocaine, and not heroin, and that a field test or tests were positive for cocaine. *Id.* Laboratory results later confirmed that the packages did not contain cocaine as Chapa expected, but rather 12 of the 13 seized packages contained heroin and the remaining package contained a heroin derivative. *Id.* As a result, Chapa argues, "It is unclear whether any brick was tampered with, as had been Lowry's practice of taking pieces (or possibly a brick) and substituting filler." *Id.*

The Government opposes the request for additional discovery, indicating that "[a]ll

information concerning Agent Lowry's role in this investigation has been provided to the defense." Govt.'s Opp'n at 9.  Moreover, the Government argues that Chapa cites to "no evidence to support even a reasonable inference that any of Lowry's actions affected the defendant's case." *Id.* at 8. Rather, the Government asserts that despite its endeavors to uncover each instance of misconduct on the part of Special Agent Lowry, no misconduct related to the instant action has been uncovered. *Id.* at 10.  With respect to the 13 seized packages, the Government argues that Chapa has failed to establish good cause to warrant further discovery in this matter.  The Government asserts that there is no "mystery" surrounding the nature of the recovered drugs because the evidence, including wiretap interceptions, supports Chapa's conviction.  Moreover, the Government rejects Chapa's contention that the seized drugs were tampered with by Special Agent Lowry.  Specifically, the Government argues that the 13 kilograms of narcotics at issue that were seized from a Dodge Durango on May 23, 2012, support Chapa's conviction. The Government acknowledges that while the narcotics field-tested positive for cocaine, testing at the DEA laboratory revealed the substance to be heroin or a heroin derivative.  *Id.*  Moreover, the Government indicates in a footnote that Chapa's argument that the Special Agent Lowry may have had some motivation to tamper with these seized narcotics is illogical.  As the Government argues "[p]resumably, Special Agent Lowry would have had no motive to convert or tamper with narcotics suspected to be cocaine – his drug of choice was heroin." *Id.* at 7 n.2.

    The Court agrees that Chapa's theory at this point in time that Special Agent Lowry may have tampered with the seized narcotics in this case is attenuated.  However, as Chapa notes in his reply brief, he "is merely exploring at this juncture whether there is a basis to assert an attack." Def.'s Reply to Govt.'s Opp'n at 2 n.2.  The Court finds that the based on the evidence before it, Chapa has demonstrated good cause to allow limited discovery of certain evidence related to the

7

13 seized packages in order for Chapa to determine if there is additional support for Chapa's theory. Indeed, as the Government has argued, the materials sought by Chapa with respect the 13 seized packages were discoverable prior to Chapa's guilty plea and Chapa has pointed to specific facts in this case that support his contention that he should be permitted to conduct a further, limited investigation. Specifically, in an exercise of its discretion, the Court shall require the Government to provide Chapa with all photos of the 13 seized packages, any documentation related to the chain of custody for the 13 seized packages from the time that the packages were confiscated through the time that they were tested in the laboratory, and DEA reports regarding the condition of the 13 seized packages when they arrived for testing. The Court finds that the scope of additional discovery is sufficient to allow Chapa to determine whether there is any support for his theory and any reasonable grounds for seeking relief. As a practical matter, the Court notes that it may be beneficial for the parties to meet to identify what materials have already been provided to Chapa and what materials do not exist, either because the Government never had them or because they have not been retained by the Government following Chapa's conviction. All other materials identified should be provided to Chapa's counsel.

Chapa also seeks information regarding money recovered in this case as well as documentation related to investigations, presumably related to Special Agent Lowry's conduct, into "missing money." Chapa simply indicates that "there are allegations in other cases where Agent Lowry worked [sic] of missing money." Def.'s Renewed Mot. at 4. However, Chapa provides no specific argument as to why additional discovery regarding recovered money in this case or supplemental information about Special Agent Lowry's conduct with respect to "missing money" would be warranted in this instance. Instead, Chapa simply notes that it was alleged that money was missing in other cases. Without any argument related to the facts of this case, this

Court cannot find that Chapa has set forth specific allegations to show reason to believe Chapa may, if the facts are fully developed, be able to demonstrate that he is entitled to relief. As such, the Court holds that Chapa is not entitled to discovery beyond what the Court has identified above because Chapa was not demonstrated good cause to support such finding.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Chapa's [286] Motion to Compel Additional Discovery and GRANTS IN PART and DENIES IN PART Chapa's [314] Renewed Motion to Compel Discovery. For good cause shown, the Court finds that Chapa is entitled to discovery related to the 13 seized packages, which later tested positive for heroin or a heroin derivative. Specifically, the Government shall provide Chapa with all photos of the 13 seized packages, any documentation related to the chain of custody for the 13 seized packages from the time that the packages were confiscated through the time that they were tested in the laboratory, and DEA reports regarding the condition of the 13 seized packages when they arrived for testing. Furthermore, the Court finds that Chapa has not demonstrated good cause to entitle him to additional discovery beyond that at this time, including discovery related to money recovered in the case as well as documentation related to investigations, presumably related to Special Agent Lowry's conduct, into "missing money."

An appropriate Order accompanies this Memorandum Opinion.

                                                                                                         /s/
                                                                                                         **COLLEEN KOLLAR-KOTELLY**
                                                                                                         UNITED STATES DISTRICT JUDGE